## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

E.A.P.,[1]

                **Plaintiff,**

v.

**FRANK BISIGNANO,[2]**
**Commissioner of the Social Security**
**Administration,**

                **Defendant.**

Case No. 24-4106-DDC

## MEMORANDUM AND ORDER

Plaintiff E.A.P. filed this lawsuit seeking judicial review of an adverse benefits decision by defendant, the Commissioner of the Social Security Administration. Doc. 1. On the Commissioner's motion, Doc. 7, the court reversed under sentence four of 42 U.S.C. § 405(g) and remanded this case for additional administrative proceedings. Doc. 8 at 2. And the court entered Judgment in favor of plaintiff. Doc. 9. Plaintiff now has moved for an award of attorney fees under the Equal Access to Justice Act (EAJA). Doc. 10.

Under the "EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172

---

[1]    As part of the court's efforts to preserve the privacy interests of Social Security claimants, it has decided to caption its orders using only plaintiff's initials.

[2]    Frank Bisignano was confirmed as the Commissioner of the Social Security Administration earlier this year. The court thus substitutes Mr. Bisignano as the defendant here under Fed. R. Civ. P. 25(d). Under the last sentence of 42 U.S.C. § 405(g), neither the parties nor the court needs to take further action to complete this process.

(10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)).  For EAJA purposes, a claimant that secures a sentence-four remand order from a federal district court under 42 U.S.C. § 405(g) is deemed a prevailing party.  *Id.* at 1168 ("In this social security case, plaintiff obtained a district court remand to the Commissioner of Social Security under the fourth sentence in 42 U.S.C. § 405(g), and she is therefore a prevailing party for purposes of EAJA.").  Plaintiff here received such a remand and thus satisfies the first EAJA fee award element.  *See* Doc. 8 at 2; *see also Hwang v. O'Malley*, No. 23-cv-124 DBP, 2024 WL 5041115, at *1 (D. Utah Dec. 9, 2024) (finding plaintiff a prevailing party where Commissioner "moved via stipulation to remand to the Social Security Administration for further proceedings").  On the second element, "the Commissioner had the burden of proof to show that [his] position was substantially justified." *Hackett*, 475 F.3d at 1172.  The Commissioner has not opposed plaintiff's motion, *see* Doc. 10 at 2, so the court considers this second element satisfied.  Also, the court can't detect any special circumstances creating an unjust fee award, nor does the Commissioner argue for any such circumstances.  With all three elements satisfied, the court concludes that it must award EAJA attorney fees.

Once "the determination has been made that the government's position was not substantially justified, then the court should determine what fee is merited for all aspects of the litigation that deal with creating a benefit to the claimant." *Gallaway v. Astrue*, 297 F. App'x 807, 809 (10th Cir. 2008).  The burden falls on plaintiff to establish the award, "documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  A plaintiff "should exercise billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* (quotation cleaned up).  "In assessing EAJA fee requests, district courts routinely note that it

typically takes between twenty to forty hours to fully prosecute a social security appeal."
*Roxanne C. v. Colvin*, No. CV C23-233 GBW, 2025 WL 89295, at *3 (D.N.M. Jan. 14, 2025)
(collecting cases).

  Here, plaintiff submits that his attorney worked 6.3 hours on this case.  Doc. 11 at 2.
This total lies well below the typical range of 20–40 hours.  Multiply these hours by the statute-
prescribed $125 hourly rate, adjusted for inflation to $234 per hour, and plaintiff calculates
$1,474.20 in attorney fees.  *Id.*  The Commissioner didn't take issue with a similar hourly rate for
attorney fees claimed under the EAJA in 2023.  *See Lori A. v. Kijakazi*, No. 21-cv-00101-JCB,
2023 WL 2403677, at *4 (D. Utah Mar. 8, 2023) ("The Commissioner does not take issue with
Plaintiff's counsel's claimed hourly rate of $229.77 for 2021 and $244.46 for 2022[.]").  And
courts have accepted such hourly rates as reasonable.  *See id.*; *see also Hardister v. Kijakazi*, No.
21-cv-50 DBP, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) (awarding attorney fees under
EAJA at hourly rate of $229.77).  What's more, plaintiff's attorney provided a detailed summary
outlining how he expended each hour.  Doc. 11 at 2.  The court thus concludes plaintiff's fee
request—both in terms of hours worked and hourly rate—is reasonable.

  In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA attorney fee is
payable to the plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt
the litigant may owe to the United States.  In addition, if plaintiff's counsel ultimately receives
an award of attorney fees under 42 U.S.C. § 406(b), counsel must refund the smaller award to
plaintiff as established in *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

  **IT IS THEREFORE ORDERED BY THE COURT THAT** under 28 U.S.C. § 2412,
plaintiff is granted attorney fees under the EAJA in the amount of **$1,474.20.**  The check for
attorney fees should be made payable to plaintiff and mailed to plaintiff's attorney's address.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 10) is granted.

**IT IS SO ORDERED.**

**Dated this 5th day of November, 2025, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**